**VIRGIN ISLANDS HOUSING
AND REDEVELOPMENT AUTHORITY,**
Plaintiff

v.

**19.1078 ACRES OF LAND IN ST. THOMAS,
VIRGIN ISLANDS,
MARIA ELMIRA LOCKHART, et al.,
and UNKNOWN OWNERS, Defendants**

Civil No. 38 - 1958

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 2, 1958

*See, also, 161 F. Supp. 475*

CROXTON WILLIAMS, ESQ., Charlotte Amalie, Virgin Islands, *for plaintiff*

JAMES A. BOUGH, ESQ., Charlotte Amalie, Virgin Islands, *for Elmira Lockhart, Alfred H. Lockhart, Dorothy Lockhart and Raymond S. Lockhart, defendants*

ALPHONSO A. CHRISTIAN, ESQ., Charlotte Amalie, Virgin Islands, *for Margaret B. Creque, Administratrix of the Estate of Henry O. Creque, deceased*

MAAS AND BAILEY, Charlotte Amalie, Virgin Islands, *for Virgin Islands National Bank*

MARIS, *Circuit Judge*

The Virgin Islands Housing and Redevelopment Authority, a public corporation created by the Gordon-Jacobs Housing and Redevelopment Authority Law of 1950 and continued by 29 V.I.C. § 31 et seq., with power within its area of operation to prepare, carry out, acquire, lease and operate housing projects, has brought this action to take

311

by the power of eminent domain 19.1078 acres of land in New Quarter on the island of St. Thomas, being a portion of Estate Thomas, for use in constructing a low income housing project thereon. Under 29 V.I.C. § 35(14) the Authority has the right to acquire real property by the exercise of the power of eminent domain in order to carry out and effectuate its statutory purposes. Counsel for certain of the defendant owners of the land involved filed a motion for a more definite statement. Thereafter the Authority filed an amended complaint which met all but two of the defendants' objections. The latter, however, are still pressed and are before me for determination.

■ ■ The first objection is that the use for which the property is being taken is not sufficiently stated in the amended complaint. In paragraph 3 of that pleading it is alleged:

"3. That the use for which the property herein described is required is for the construction of 300 units of safe and sanitary housing for persons of low income in accordance with the aforementioned laws, which use constitutes a public use and purpose."

I regard this statement as adequate to meet the requirement of Rule 71A(c)(2) of the Federal Rules of Civil Procedure, 28 U.S.C., that the complaint in an eminent domain proceeding shall contain a short and plain statement of the use for which the property is to be taken. But I note, sua sponte, that Rule 71A(c)(2) also requires a short and plain statement of the authority for the taking and that the amended complaint merely states as to this in paragraph 2:

"2. That the Plaintiff has the right and power to acquire, by exercise of the power of eminent domain, the property herein mentioned and described, by virtue of Section 35, Title 29 of the Virgin Islands Code."

This is not, in my opinion, a sufficient statement of

authority to take the property in question. For 29 V.I.C. § 181 provides as follows:

"The Authority shall submit to the Governor and the Legislature from time to time a report listing any area or areas deemed by the Authority to be suitable for consideration for housing project purposes. The utilization of any such area or areas for such purposes shall be deemed to be approved by the Governor and the Legislature unless within 15 days after receipt of the report they disapprove any area or areas, *which shall thereupon be excluded from consideration by the Authority."* (Emphasis supplied.)

It is clear from the foregoing statutory language that the Authority is not authorized to go forward with a housing project, by the exercise of the power of eminent domain or otherwise, until after the area involved in the proposed project has been approved by the Governor and the Legislature as the site for the project. Under the statute this approval may either be expressly given by a resolution passed by the Legislature and approved by the Governor or it may be implied from the failure of the Governor and the Legislature to disapprove the site within 15 days after a report with respect to it has been submitted to them by the Authority. In other words, before the Authority is authorized to take by eminent domain the site for a housing project it must appear that the proposed area of the housing project has been reported by the Authority to the Governor and the Legislature and has been approved by them, either affirmatively or by failure to disapprove it within the ensuing 15 days. Obviously such a report to the Governor and the Legislature must be made while the Legislature is in session and at a time when at least 15 days of its session still remain. If during that period of 15 days the area is disapproved by the Governor and the Legislature as a site for a housing project the Authority is thereby deprived of power to go forward with such a project in that par-

ticular area. Paragraph 2 of the amended complaint must accordingly be further amended to show that the site here sought to be taken has been approved by the Governor and the Legislature in the manner provided by 29 V.I.C. § 181.

██ ██ The defendant's second contention is that counsel appearing for the Authority in this court is not authorized by law to do so and that his appearance accordingly should be stricken off. Counsel who appears for the Authority in this court has been employed by the Authority as its attorney pursuant to the express authorization of 29 V.I.C. § 33, and the power of the Authority to employ him as its legal advisor is not questioned here. But the defendants assert that under section 27 of the (1954) Revised Organic Act, 48 U.S.C. § 1617, the United States attorney, by himself or his assistant, is the only lawyer who may conduct civil proceedings in this court to which the Government of the Virgin Islands is a party, and that the present action is such a proceeding. I think that this contention is well taken. Certainly an eminent domain proceeding is a civil proceeding. Metropolitan R. Co. v. District of Columbia, 1904, 195 U.S. 322, 328, 25 S. Ct. 28, 49 L. Ed. 219. It is equally clear, I believe, that the Authority is an agency of the Government of the Virgin Islands within the meaning of section 27 of the (1954) Revised Organic Act. For it is a purely public corporation which, in addition to exercising the governmental power allotted to it by chapter 1 of Title 29 of the Virgin Islands Code, is placed for administrative purposes within the Department of Property and Procurement of the Virgin Islands government and is required to perform such functions as the Commissioner of Property and Procurement prescribes. True the Authority is empowered by 29 V.I.C. § 35(20) to sue in its own name, as it has here done. But this fact does not determine who shall be its counsel in court.

■ I think it is evident from section 16 of the (1954) Revised Organic Act, 48 U.S.C. § 1597, that the Government of the Virgin Islands comprises not only the executive departments and the departmental boards and commissions, but also the independent boards, agencies, authorities, commissions and other instrumentalities required by Federal law for participation in Federal programs. The Virgin Islands Housing and Redevelopment Authority is such an independent authority. Undoubtedly Congress had the same concept in mind when it used the term "Government of the Virgin Islands" in section 27. I conclude that it is the duty of the United States Attorney to appear for the Authority in this proceeding to the exclusion of its appointed counsel.

An appropriate order will be entered.