HILARIE GREAUX, Plaintiff

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 500-77

LESLIE GREAUX, A minor, by his natural mother, HILARIE GREAUX, Plaintiff

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 501-77

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 27, 1977

MICHAEL P. LEHTONEN, ESQ., St. Thomas, V.I., *for plaintiff*

EDGAR D. ROSS, Attorney General, and THOMAS M. UTTER-BACK, Assistant Attorney General, St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Whether the Government of the Virgin Islands is liable for the torts of the Virgin Islands Housing Authority (hereinafter referred to as Authority or Housing Authority) is the issue raised by the motions to dismiss of the defendant Government. This court finds that the answer is no and therefore the motions to dismiss will be granted.

On July 11, 1977, plaintiff Leslie Greaux, a minor by his natural mother, Hilarie Greaux, filed Civil No. 501/1977. On the same day Hilarie Greaux also filed Civil No. 500/1977 on her own behalf. Both causes of action are based on the following identical material allegations:

1. The Virgin Islands Housing Authority negligently failed to adequately operate, maintain, supervise, and inspect the water system at the Bovoni Housing Project, before, during, and after October 18, 1976.

2. The Virgin Islands Housing Authority negligently failed to act in a reasonable and prudent manner after the first indication of contamination of the Bovoni Housing Project's water system.

3. The Virgin Islands Housing Authority negligently failed to take necessary and adequate precautions to prevent the plaintiff or

other residents of the Bovoni Housing Project from ingesting contaminated water.[1]

As a result of these alleged negligent acts, it is claimed that the plaintiffs ingested contaminated water and became ill and suffered injuries for which they now seek damages.

The defendant Government of the Virgin Islands has filed motions to dismiss each action

on the grounds that an action as described and set out by plaintiff in plaintiff's petition cannot stand against the Government of the Virgin Islands as it is not the proper party for the suit so described in that 29 V.I.C. Chapter I Subchapter II establishes the Virgin Islands Housing Authority as a body corporate and politic and with full power to sue and be sued, and consequently, if an action as described by plaintiff does exist, the Virgin Islands Housing Authority should be so named as the party defendant.

Although no authority is cited by the defendant, the court will construe the motion as being a Rule 12(b)(6) motion to dismiss under the Federal Rules of Civil Procedure on the ground that the complaints fail to state a claim upon which relief can be granted. 5 V.I.C. App. I Rule 12 (b)(6).

Plaintiffs in opposing the motion bottom their opposition on the fact that the Virgin Islands Housing Authority is a government agency and that

its employees are employees of the Government of the Virgin Islands. The Government of the Virgin Islands is therefore ultimately responsible for the injuries caused by the negligence of the employees of the Virgin Islands Housing Authority, notwithstanding the provisions of Title 29 V.I.C. Chapter I, Subchapter II.

The plaintiffs rely on Title 33 V.I.C. § 3408 et seq., the Virgin Islands Tort Claims Act, and V.I. Housing and Redevelopment Authority v. 19.107 Acres of Land, 3 V.I. 309, 161 F.Supp. 475 (D.V.I. 1958). In 19.107 Acres of

---

[1] Paragraphs 7, 8 and 9 of the complaint in 500/1977, and paragraphs 8, 9, and 10 of the complaint in Civil No. 501/1977.

Land, Judge Maris stated:

that the Government of the Virgin Islands comprises not only the executive departments and the departmental boards and commissions, but also the independent boards, agencies, authorities, commissions and other instrumentalities required by Federal law for participation in Federal programs. The Virgin Islands Housing and Redevelopment Authority is such an independent authority.

3 V.I. at 315, 161 F.Supp. at 478. This is a statement with which the court cannot disagree, but the plaintiffs' reliance on this language is unfounded. While it is true, as plaintiffs point out, that the Virgin Islands Housing Authority is the successor to the V.I. Housing and Redevelopment Authority, nothing in Judge Maris' opinion leads to the conclusion plaintiffs suggest. The decision in V.I. Housing and Redevelopment Authority v. 19.107 Acres of Land, supra, merely concluded that pursuant to Section 27 of the Revised Organic Act it was the duty of the United States Attorney to appear for the Authority in the proceedings then at issue to the exclusion of the Authority's appointed counsel. The court did not determine the crucial issue in contest here, namely, the liability of the Government for the negligent acts of the Authority.

The Virgin Islands Housing Authority was created in 1962 by Act No. 903, adopted June 18, 1962, Title 29 V.I.C. § 31. The Housing Authority was granted, as were its predecessors,[2] all powers "necessary and convenient to carry out and perform" the purposes for which it was created. 29 V.I.C. § 35. Among these it may: have perpetual

---

[2] The forerunner of the present Housing Authority was created in 1950 by the Gordon-Jacobs Housing and Redevelopment Authority Law, Bill No. 13, § 4, Act Leg. Assembly. That act created the Virgin Islands Housing and Redevelopment Authority, which was changed to the Virgin Islands Housing and Urban Renewal Authority by Act No. 316, § 2, Sess. L. 1958, p. 44. In 1962 the name was changed to the Virgin Islands Housing Authority by Act No. 903, § 5b, Sess. L. 1962, p. 197.

succession, § 35(1); sue and be sued,[3] § 35(2); enter into and execute contracts of every kind and nature, § 35(4); promulgate and rescind regulations and by-laws, § 35(5); borrow money, § 35(6); apply for loans, grants and contributions from private or public services, including the Government of the Virgin Islands, § 35(7); deposit and invest funds, § 35(8) and (9); acquire and improve any real or personal property or any interest therein, § 35(10) and (11); *insure, or provide for insurance, for its operations against any risks or hazards,* § 35(18); perform *all* appropriate functions with respect to housing activities, § 35(25); make such expenditures as may be necessary for its activities and operations, § 35(34); and exercise all, or any part or combination of the above enumerated powers, § 35(37). It thus is clear from section 35 alone that the intent of the Legislature was to vest the Authority with all the incidents of corporate life to enable it to fully and adequately discharge its duties and exercise its powers. In fact, the Legislature has said as much:

The Authority shall have all the powers, rights, duties, privileges, functions, *obligations*, and status as a public body corporate and politic. . . . (Emphasis added.)

29 V.I.C. § 31(a). One of the necessary and concomitant aspects of corporate life, one of its "obligations" so to speak, is to answer for torts and make restitution for injuries inflicted by negligent acts or omissions. Subsection

---

[3] The court need not pass upon the suggestion of plaintiffs that the Virgin Islands Housing Authority's immunity was waived by passage of the Tort Claims Act. 33 V.I.C. § 3408 et seq. However, in this court's opinion, when the Legislature created the Virgin Islands Housing Authority and provided that it could "sue and be sued" that constituted a waiver of the Authority's immunity in compliance with the restrictions imposed by Section 2(b) of the Revised Organic Act. The Virgin Islands Tort Claims Act, Title 33 V.I.C. § 3408, enacted November 15, 1971, constituted a general waiver of immunity in tort of the Government of the Virgin Islands over and above any immunity that could be said to have been preserved for the Housing Authority. Cf. Concepcion v. Cruz Soto, 12 V.I. 200 (3d Cir. 1975), which held that the Virgin Islands Water and Power Authority's immunity from execution was not repealed by the Tort Claims Act.

18 of section 35 which permits the Authority to obtain insurance against any risks or hazards engendered by its operation, coupled with subsection 2 of the same section, which grants the Authority the power to sue and be sued, is, as a matter of statutory construction, a precautionary allowance against the obvious risk of suit and adjudication of liability. It is significant that this is a power vested in the Authority with respect to its own operations, and presumably for its own protection. Clearly this subsection was not added for the purpose of enabling the Government to insure itself against the risk of imposition of liability for the negligent acts or omissions of the Authority.

There is additional evidence in Chapter I of Title 29 of the legislative intent with respect to the Authority. The power to issue bonds from time to time for any of its corporate purposes was first granted to the Authority's predecessor, the Virgin Islands Housing and Urban Renewal Authority, and still is retained by the present Authority. 29 V.I.C. § 121. That power, however, is expressly limited in that subsection (e) provides:

The bonds and other obligations of the Authority (and the bonds and obligations shall so state on their face) *shall not be a debt of the Virgin Islands, (which may be referred to as the "State") or any political subdivision thereof and neither the Virgin Islands nor any political subdivision thereof shall be liable thereon, nor in any event shall such bonds or obligations be payable out of any funds or properties other than those of the Authority,* and shall not constitute an indebtedness within the meaning of any constitutional or statutory debt limitation or restriction. (Emphasis added.)

Other provisions of Chapter I, Title 29, which evince the legislative intent of keeping separate the duties, functions and obligations of the Authority from those of the Government include 29 V.I.C. § 126, which provides for the investment by the Virgin Islands Government in, among other things, the bonds or other obligations of the Housing

Authority, and subchapter 7, which relates to the coopera-tion of the Territorial Government with the Housing Authority in carrying out, developing, constructing, and operating projects, 29 V.I.C. § 151, and which enables the Government to levy taxes, appropriate funds, incur indebt-edness and issue bonds for the specific purpose of assisting the Authority in carrying out its functions and duties. 29 V.I.C. § 152.

From the foregoing analysis it is clear that the Virgin Islands Housing Authority resulted in the establishment of a separate and distinct legal entity, one liable on its debts and responsible for its torts, to the exclusion of any liability on the part of the Government. Its amenability to suit for personal injuries operates to relieve the Govern-ment of any potential liability it may have incurred otherwise.

This reasoning is strongly buttressed by the Supreme Court decision in Federal Housing Administration v. Burr, 309 U.S. 242 (1940). There the issue was whether the Federal Housing Administration (F.H.A.), a federal agency, was subject to state garnishment proceedings for monies due to an employee. The Government argued that it was not subject to garnishment because it was protected by the cloak of sovereign immunity. The Court disagreed holding that the "to sue and be sued" clause of the National Housing Act waived the F.H.A.'s immunity. The court noted, however, that such waiver with respect to claims against the F.H.A. did not mean that the United States was liable for judgments rendered against the Administration.

And so far as the federal statute is concerned, execution is not barred, for it would seem to be part of the civil process embraced within the "sue and be sued" clause. That does not, of course, mean that any funds or property of the United States can be held

166

responsible for this judgment. Claims against a corporation are normally collectible only from corporate assets. That is true here. . . . The result is that only those funds which have been paid over to the Federal Housing Administration . . . and which are in its possession, severed from Treasury funds and Treasury control, are subject to execution. Id. at 250.

In the instant case, plaintiffs have not joined the Housing Authority as a party defendant, their action being solely against the Virgin Islands Government. Applying the statutory construction as outlined, supra, and the reasoning of the Supreme Court in Federal Housing Administration v. Burr, supra, it is clear that the Legislature intended to and did, in fact, create an independent instrumentality in the Virgin Islands Housing Authority, which Authority upon proper proof is liable for its negligent acts or omissions. However, in seeking satisfaction for any claims flowing from such negligent acts, plaintiffs can look to neither the property nor funds of the Government of the Virgin Islands.

### ORDER

In accordance with the reasons set forth it is hereby

ORDERED that defendant's motion to dismiss be and the same hereby is granted without prejudice to the plaintiffs to amend their complaints to substitute the proper party defendant in compliance with the Federal Rules of Civil Procedure as made applicable to this court.