**VIRGIN ISLANDS PRESS ASSOCIATION, Plaintiff**

v.

**JUAN LUIS and VIRGIN ISLANDS WATER AND POWER AUTHORITY, Defendants**

Civil No. 79-137

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 21, 1980

MARIA TANKENSON HODGE, ESQ., St. Thomas, V.I., *for plaintiff*

IVE A. SWAN, ESQ., Attorney General of the Virgin Islands (Department of Law), St. Thomas, V.I., *for defendant Juan Luis*

ADRIANE DUDLEY, ESQ. (DUDLEY, MARTIN & DUDLEY), St. Thomas, V.I., *for defendant VIWAPA*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION

Once again this Court feels compelled to reconcile a general law passed by the Legislature of the Virgin Islands which runs counter to the enabling statute of the Virgin Islands Water and Power Authority (WAPA), with the latter enactment, and as before, the Court resolves the disaccord in favor of the instrumentality of the Government.

On or about December 6th the Legislature of the Virgin Islands enacted the "Government in the Sunshine Act", chapter 15, Title 1 of the V.I. Code. In § 253(b)(5), the Legislature included the Virgin Islands Water and Power Authority within the meaning of "Governmental agency" or "agency". We hold that so doing places § 253(b)(5) in severe conflict with subchapter II, chapter 5 of Title 30 of the Virgin Islands Code, the statute which gave birth to WAPA. One or the other must fall. In view of the express language of subchapter II of Title 30, as well as the declaration of policy of the "Government in the Sunshine Act" (§ 252) we declare that WAPA was improperly included under the cover of the "Government in the Sunshine Act".

The question with which we are confronted is not the source of governmental power, which in any event for the Government of the

330

Virgin Islands would not be the Constitution of the United States, as postulated by plaintiff. Neither are we here concerned with a violation of the Constitution of the United States as made applicable to the Virgin Islands by the Revised Organic Act, nor does this Court undertake to deny so well established a principle as that which recognizes the right of a subsequent legislature to alter or amend acts of its predecessor. Rather, this Court takes issue with the manner in which the change was sought to be accomplished in this instance.

WAPA is an autonomous instrumentality of the Government of the Virgin Islands. Its being is wholly separate and apart from the Government. It was upon this fundamental basis that it was created. We do not choose to repeat all that we said on this subject in Shulterbrant v. Government Employees Service Commission, Civil No. 77-268 (Div. of St. Thomas and St. John Memorandum filed April 3, 1979). We simply refer to the opinions therein expressed and hereby adopt that Memorandum and make it a part hereof.

Plaintiff has referred the Court to the case of Opinion of the Justices, 136 N.E. 29 233 (Mass. 1956) and suggests that the holding in that case is controlling here. That may well be but not in the sense that plaintiff urges. In Opinion of the Justices, the issue was whether the charter of the public instrumentality could be amended. The Court there held that it could be. We agree with this. In the instant case, however, there was no attempt to amend the charter of WAPA. Instead, leaving the charter intact, the Legislature sought by a general law to sweep WAPA into the fold as a part of the Government of the Virgin Islands. This is what we hold may not be done.

Even a casual look at the "Government in Sunshine Act" lends support to this Court's holding.

> It is hereby declared to be the policy of the *Government of the Virgin Islands* that the public is entitled to the fullest practicable information regarding the decision making process of *this Government.* It is the purpose of this chapter to provide the public with such information, while protecting the rights of individuals and the ability of the *Government* to carry out its responsibilities. § 252 (emphasis added).

That very declaration of policy makes clear to the Court that the bright light of the sun was to shine on the Government of the Virgin Islands and its agencies for which the Legislature is the proper

331

policy maker. We do not feel that the Legislature wields such power over WAPA, if indeed that autonomous agency is truly to conduct its affairs through its Board of Directors.

It is for all the foregoing that we conclude that the Virgin Islands Water and Power Authority was inappropriately included in the "Government in the Sunshine Act".

In view of our holding excluding WAPA from the coverage of the Act and since that law was never intended to reach the office of the Governor, the question of whether or not the gathering was a "meeting", from which the reporter was allegedly excluded, is no longer before the Court. Furthermore, inasmuch as the stipulation of facts attributes sole responsibility for the exclusion of the reporter to the Governor, the Constitutional contentions of plaintiff can in no way be maintained against WAPA. The fact that the excluded reporter mentioned her exclusion to the Executive Director and the Assistant Executive Director of WAPA does not aid plaintiff. Their knowledge may not be charged to the members of the Board and even if that were a legal possibility, it would not serve to make the members of the Board aiders and abettors of the Governor. Accordingly, the motion of defendant VIWAPA for summary judgment should be granted.

Because issues of material fact remain unresolved as between plaintiff and defendant Luis, the motion of that defendant for summary judgment must be denied.

## ORDER

The premises considered and the Court being fully advised

IT IS ORDERED that the motion of defendant Virgin Islands Water and Power Authority for summary judgment be, and it is hereby, GRANTED;

FURTHER ORDERED that the motion of defendant Juan Luis for summary judgment be, and hereby is, DENIED.