**STANLEY GUTLIFFE and JANE GUTLIFFE on Behalf of Themselves and the Estate of MERRICK GUTLIFFE, Plaintiffs**

**v.**

**MAGENS BAY AUTHORITY, Defendant**

Civil No. 1098/1981

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 12, 1983

MARIA TANKENSON HODGE, ESQ., St. Thomas, V.I., *for plaintiffs*

WINSTON S. TAYLOR, ESQ., St. Thomas, V.I., *for defendant*

FEUERZEIG, J.

## MEMORANDUM OPINION

Plaintiffs' motion for partial summary judgment requires the court to determine whether the Magens Bay Authority is subject to the conditions and limitations of the Virgin Islands Tort Claims Act, 33 V.I.C. § 3408 (Supp. 1982). The court is persuaded it is not.

### Facts

On July 4, 1980, eighteen-year-old Merrick Gutliffe attended a picnic at Magens Bay Beach. At about noon he went swimming, experienced difficulties, and drowned. His parents, Stanley and Jane Gutliffe then brought this wrongful death action against the Magens Bay Authority, alleging that the lifeguards, among other things, were inadequately trained and were negligent in failing to render assistance. The Authority in defense asserted that the Virgin Islands Tort Claims Act applies to claims against the Magens Bay Authority, which plaintiffs dispute in their motion for partial sum-

mary judgment. The principal reason the issue is raised is that the Tort Claims Act, in addition to imposing certain procedural prerequisites, limits any judgment in behalf of an individual plaintiff to $25,000. 33 V.I.C. § 3411(c) (Supp. 1982).

## Legislative History

The St. Thomas Park Authority, the predecessor of the Magens Bay Authority, was created by an act of the Legislature of the Virgin Islands in order for the Municipality of St. Thomas and St. John to accept a gift of the Magens Bay property from Arthur S. Fairchild. 7 V.I.Op A.G. 14, 17 (1954). The legislation creating the St. Thomas Park Authority constituted it as "a corporate municipal instrumentality" with "corporate powers and duties," including the power to "sue and be sued in its Authority name." Bill No. 282, Ord. Mun. C. St. T. and St. J., approved August 22, 1946, sections 2 and 3(c). The apparent objective was to create an instrumentality

> free and independent of the usual provisions governing agencies of the Government, for the reason that the donor of Magens Bay . . . wanted the beach to be maintained in perpetuity by an agency existing outside the general structure of the Government.

16 V.I.Op.A.G. 116, 117 (1969).

Although the Legislature in 1967 changed the Authority's name to the Magens Bay Authority, the newly named Authority was mandated to continue without interruption and to retain all powers, functions, and responsibilities of the former St. Thomas Park Authority. Act No. 2085, § 1, Sess. L. 1967. The jurisdiction of the Magens Bay Authority, however, was limited to properties given to the former St. Thomas Park Authority by Arthur S. Fairchild, i.e., Magens Bay. Id., § 3; 32 V.I.C. § 62 (1975).

Consistent with the objective of establishing an independent corporate instrumentality, the ordinance creating the St. Thomas Park Authority provided:

> Nothing contained in this Ordinance shall authorize the Authority to obligate the Municipality for any expenses incurred over and beyond any moneys actually appropriated by the Municipality, nor shall the Authority mortgage or similarly encumber any of its real property.

Bill No. 282, supra, § 11(a). Except for the substitution of the language "government of the Virgin Islands" for the word "Municipal-

ity," the language of the Act creating the Magens Bay Authority is identical to the above quoted language. Compare Bill No. 282, supra, § 11(a) with 32 V.I.C. § 60(a) (1975).

■ Moreover, the most recent Act with respect to the Magens Bay Authority, 32 V.I.C. § 63 (Supp. 1982), further suggests that the Legislature considers the Authority to be an independent instrumentality of the Government of the Virgin Islands. Act No. 4407, §§ 1 and 2(a), Sess. L. 1980, approved February 14, 1980. That Act states that "no independent instrumentality [including the Magens Bay Authority] shall be exempt from laws made specifically applicable thereto or generally applicable to independent instrumentalities of the Government." Id. § 1. The inescapable conclusion from that Act, the previous legislative enactments and the case law, is that the Magens Bay Authority is a corporate instrumentality, independent of the Government of the Virgin Islands, capable of suing and being sued in its own name.

That conclusion is supported by Greaux v. Government of the Virgin Islands, 14 V.I. 160 (Terr. Ct., Div. St. T. & St. J., 1977). The court there was asked to determine whether the Government was liable for the negligent acts of employees of the Housing Authority. This court held that it was not. In reaching that conclusion the court relied on several indicia of the Legislature's intent to establish the Housing Authority as an independent agency separate from the Government. Many of the same indicia are present in the statute pertaining to the Magens Bay Authority. 32 V.I.C. § 51 et seq. Moreover, the court in Greaux, 14 V.I. at 164, n.3, stated:

> [W]hen the Legislature created the Virgin Islands Housing Authority and provided that it could "sue and be sued" that constituted a waiver of the Authority's immunity in compliance with the restrictions imposed by Section 2(b) of the Revised Organic Act. The Virgin Islands Tort Claims Act . . . constituted a general waiver of immunity in tort of the Government of the Virgin Islands over and above any immunity that could be said to have been preserved for the Housing Authority.

■ In Greaux this court was inclined to rest its decision on the presence of the "sue and be sued" clause. In this case, too, that provision causes this court to conclude that the Legislature waived any immunity of the St. Thomas Park Authority, which waiver was not altered when the Park Authority was renamed the Magens Bay Authority.

Although the question of the applicability of the Virgin Islands Tort Claims Act was not directly before the court in Concepcion v. Soto, 12 V.I. 200 (3d Cir. 1975), the Third Circuit considered its effect on 30 V.I.C. § 111(a) (1957), which prohibited the issuance of any execution or judicial process against property of the Virgin Islands Water and Power Authority (WAPA). The plaintiff, who had sued WAPA for tortious personal injury and had secured a default judgment, argued that 33 V.I.C. § 3408 (Supp. 1982) and the Tort Claims Act effectively repealed the prohibition against execution. The court, however, rejected that argument, concluding "that the general waiver of governmental immunity in 33 V.I.C. § 3408 does not affect the special statutory provisions concerning WAPA." 12 V.I. at 204, n.2. The court further noted that even if the Tort Claims Act were applicable to WAPA, the plaintiff would be confronted not only with the strict procedural prerequisites established by the Act, but also by its prohibition against defaults against the Government.

Concepcion, thus, requires the court to conclude that the general waiver of governmental immunity in the Tort Claims Act did not affect the specific statutory "sue and be sued" language relating to the Magens Bay Authority. That conclusion also is supported by Virgin Islands Press Association v. Luis, 17 V.I. 329 (D.V.I., Div. St. T. & St. J. 1980), which held that even though the Government in the Sunshine Act, 1 V.I.C. § 251 et seq. was extended by its language to WAPA, the Legislature could not accomplish that by a general law without amending the specific language of 30 V.I.C. § 103 et seq. (1976), which established WAPA as "an autonomous governmental instrumentality." This court thus concludes that the general waiver of immunity of the Tort Claims Act cannot be construed as repealing the "sue and be sued" langauge of 33 V.I.C. § 51 (1976) or modifying the liability of the Authority in tort.

In opposing plaintiffs' motion for summary judgment, the defendant devotes considerable energy to comparing the statute establishing the Magens Bay Authority with the various statutes establishing several other Virgin Islands independent agencies. Except for the comparisons with the statutes establishing the Housing Authority and WAPA, which have been judicially interpreted, the comparisons are of little assistance.

The defendant notes that although WAPA and the Housing Authority were created as autonomous corporate instrumentalities, the Magens Bay Authority was not. The defendant admits, though,

397

that it is a corporate instrumentality of the Government of the Virgin Islands. As a corporate instrumentality with the power to sue and be sued in its own name, it is not clear how the fact that it is "autonomous" or not materially affects its capacity to be sued in tort. It also is true that the Magens Bay Authority does not have the power to issue bonds as does WAPA,[1] and that it is not specifically authorized to insure itself against risks as is the VIHA.[2] However, even without specific authorization, the defendant, in fact, has liability insurance coverage up to $300,000.[3] It cannot, therefore, be heard to deny its own authority to acquire insurance,[4] and whether it may or may not issue bonds has little relevance to its liability in tort.

The defendant also notes that the Housing Authority was established "within the Department of Housing and Community Renewal for administrative purposes only," 29 V.I.C. § 31(a) (1975), while the Magens Bay Authority was established within the Department of Conservation and Cultural Affairs without a similar limitation. 3 V.I.C. § 405 (Supp. 1982). From that fact, it argues that the absence of similar limiting language reflects a legislative intent to confer less independence on the Magens Bay Authority than was conferred on the Housing Authority. Defendant's argument is not without merit, but it fails to explain the intended meaning of the "sue and be sued in its Authority name" clause in 32 V.I.C. § 52(3). The other statutory comparisons made by defendant also are equally unpersuasive.

In conclusion, the court is convinced that the Magens Bay Authority is an independent corporate instrumentality that is able to sue and be sued in its own name, and that it is not subject to the limitations or requirements of the Virgin Islands Tort Claims Act. Accordingly, partial summary judgment in plaintiffs' favor will be granted.

## ORDER

The court having rendered a Memorandum Opinion this date, it is

ORDERED that plaintiffs' motion for summary judgment is granted, and it is

ORDERED that the Virgin Islands Tort Claims Act is not applicable to the Magens Bay Authority.

---

[1] 30 V.I.C. § 105(a) (1975).

[2] 29 V.I.C. § 35(18) (1975).

[3] Defendant's answer to plaintiffs' Interrogatory 41.

[4] See Kock v. Government of the Virgin Islands, Civil No. 78/138 (D.V.I. Div. St. X., March 19, 1983).