# MARGARET L. CREQUE and BENJAMIN BANKS, Petitioners

v.

# HON. JUAN LUIS, VICTOR G. SCHNEIDER, STEPHANOS O'REILLY, CECIL GEORGE, WILLEM WESTERBAAN and JOHN HARVEY, Respondents

Civil No. 1985/212

District Court of the Virgin Islands

Div. of St. Croix

August 28, 1985

EDITH L. BORNN, ESQ., and DAVID A. BORNN, ESQ., St. Thomas, V.I., *for petitioners*

LEROY MERCER, ESQ., Department of Law, St. Thomas, V.I., *for respondent Hon. Juan Luis*

SAMUEL H. HALL, JR., ESQ., St. Thomas, V.I., *for respondents Schneider, O'Reilly, George, Westerbaan and Harvey*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

THIS CASE is before the Court on the application of the plaintiffs Margaret L. Creque ("Creque") and Benjamin Banks ("Banks"), for preliminary and permanent injunctive relief. It was consolidated for hearing purposes with Caribbean Energy Co., Inc. v. South Shore Alumina, Inc., et al., Civil No. 1985/202 and General Engineering Corp. v. V.I. Water and Power Authority, Civil No. 1985/182. After a hearing, advanced for a final hearing on the merits on the issues discussed in this opinion, the Court made Findings of Fact and Conclusions of Law which granted permanent injunctive relief to Creque and Banks barring any interference with their rights and obligations as members of the board of the V.I. Water and Power Authority ("WAPA"). We held that they were legal members of the board, and we further ordered that any action taken by WAPA or its committees during the time Creque and Banks were barred from participation would be without legal effect.

Because the decision herein is precedential, a written opinion is being issued.

### FACTS

Both Creque and Banks were confirmed by the Legislature for terms on the WAPA board effective May 5, 1981, she for a one year term and he for a three year term. Although Creque was also renominated for a full three year term, the Legislature never acted on the renomination. After the expiration of their terms, they both continued to sit as board members and participate in board decisions. On May 23, 1985, both of them were present when the WAPA board met to consider a proposal from Caribbean Energy Co., Inc., to supply power and water to WAPA for resale to consumers on St. Croix. By a vote of a majority of the board members present, such a proposal was accepted and the board chairman was authorized to sign an agreement which embodied the proposal. This he did immediately after the meeting. Both Creque and Banks supported the agreement with Caribbean Energy Co., Inc., and Creque placed her signature on the document as secretary.

The agreement did not meet with favor from the Governor, Hon. Juan Luis.

Between May 23, 1985, and August 8, 1985, board members were subjected to heavy pressure from the Governor and others, seeking board approval of an arrangement with South Shore Alumina, Inc., for the supply of water and power on St. Croix. All parties agree

424

that WAPA could not have two contracts for the supply of water and power. South Shore Alumina, Inc., is a Virgin Islands corporation whose principals are prominent St. Croix natives and/or residents. Caribbean Energy Co., Inc., is a wholly owned subsidiary of Donaldson, Lufkin and Jenrette, a large financial and investment firm based in New York.

Creque and Banks opposed the arrangement with South Shore, on grounds a contract already existed with Caribbean Energy Co., Inc. After their opposition to South Shore was expressed, they were informed by the Governor's acting attorney general on August 8, 1985, that they were not validly sitting as WAPA board members by reason of the expiration of their terms. On the same day, the WAPA board conducted a meeting. Creque and Banks were not permitted from that time forward to participate in the meeting as members of the board. The Governor, pursuant to his authority under 30 V.I.C. § 103, had replaced the designated governmental members with Messrs. O'Reilly, Schneider and George, who are members of his administration. With their votes now dominant in the absence of Creque and Banks, O'Reilly was elected chairman of the WAPA board.

This action resulted, and the Court granted the motion of Creque and Banks to consolidate the hearing with a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2).

## DISCUSSION

The central issue we must decide is whether Creque and Banks, whose terms had expired, continued to validly hold their seats pending appointment and confirmation of their respective successors. The parties agree that no successors have been nominated and confirmed. To decide this issue, the Court must decide whether 30 V.I.C. § 103(a) or 3 V.I.C. § 65a applies to WAPA board members who hold over after expiration of their terms. A discussion of the history of each of these sections is required. Title 30, Virgin Islands Code, § 101 et seq. created WAPA in 1964, as an autonomous instrumentality of the Government of the Virgin Islands, having a personality and legal existence separate and apart from the Government of the Virgin Islands. (Section 103(a) and (b).) It took the form of a public corporation with a perpetual existence, to be governed by a Governing Board comprised of both governmental and non-governmental members. The non-governmental members were appointed by the governor subject to the advice and consent of

the Legislature. Contained within the section providing for appointment of non-governmental members was this language:

> Each appointed member shall serve until the appointment and qualification of his successor.

Section 103(a).

In 1978, the Legislature adopted, and the governor signed, legislation amending § 103(a) and making other changes in the full section. The only change pertinent to this case was the substitution of the following language for that cited above in the original statute:

> . . . provided, however, that each member shall serve until the appointment and confirmation of his successor.

Act No. 4108, March 14, 1978, Session Laws, 1978, p. 42.

Again, in 1980, the Governor sought to reorganize the Governing Board of WAPA and he sent to the Legislature a bill to accomplish that effect. Included in the proposed legislation, which was adopted by the Legislature and then signed by the Governor, was a reaffirmation of the language contained in the 1978 legislation and cited immediately above. Act No. 4497, October 23, 1980, Session Laws, 1980, p. 224.

On each of the occasions when § 103(a) was amended, in 1978 and 1980, the present governor was territorial chief executive.

In 1974, the Legislature approved and the governor signed, legislation creating 3 V.I.C. § 65a, which was included in the general statutory provisions dealing with departments and agencies of the Virgin Islands government. Act No. 3554, April 10, 1974, Session Laws, 1974, p. 80.

Section 65a, as pertinent to our consideration, states:

> (a) Notwithstanding any other provision of law, whenever a vacancy occurs in the membership of any board, commission or governing board of any authority within a department, office or other instrumentality of the Government of the Virgin Islands, by virtue of the expiration of term of a member, said vacancy shall be filled in the manner provided by law within sixty (60) days after the date of occurrence of the expiration of term.
>
> (b) If the vacancy is not filled within the sixty (60) day period required by subsection (a) of this section, and the result is that the number of current board members is insufficient to constitute a quorum of that board, commission or governing board, all official actions of said board, commission or governing board shall be null and void, and of no force and effect, from the expi-

ration date of said sixty (60) day period until such time as a quorum of members is established by the filling of the vacancy or vacancies as provided by law.

It is the position of the respondents that § 65a applies, and that Creque and Banks could not hold their positions longer than the sixty days provided for in that legislation. Petitioners argue that the specific legislation which provides for appointment and holdover of the WAPA board members (§ 103(a) of Title 30) applies as to them, and that they continue in office until the Governor nominates, and the Legislature confirms, their respective successors.

■ It is a fundamental principle of statutory construction that when two statutes are in apparent conflict, a specific statute will be given precedence over a more general one. Busic v. United States, 446 U.S. 398, 406 (1980); Preiser v. Rodriguez, 411 U.S. 475 (1972); West v. Keve, 721 F.2d 91 (3d Cir. 1983); Matter of Morristown & Erie R. Co., 677 F.2d 360 (3d Cir. 1982); Saludes v. Ramos, 19 V.I. 544 (D.V.I. 1983) (reversed on other grounds).

We view §§ 103(a) and 65a as in apparent conflict, because the former views holdover board members as retaining their positions until a successor is appointed and confirmed, while the latter appears to treat a holdover board member as automatically ousted after sixty days beyond expiration of a term of office, or at the very least places limitations on the exercise of the office after sixty days.

■ We adopt the holding that § 103(a) governs the holdover status of WAPA board members for several reasons, not least of which being we believe that it fits precisely into the specific legislation described in the cases cited above. We are strengthened in this view by the fact that Governor Juan Luis on two occasions after the adoption of § 65a in 1974 sought and obtained a careful refinement to § 103(a). Certainly the 1978 amendment and the 1980 reaffirmation of the language of § 103(a) would not have been sought if it was thought that § 65a was the governing statute as to WAPA members. Further to that point, he took no action in conformity with § 65a to obtain legislative confirmation of Creque and Banks. He did send Creque's name to the Legislature for reconfirmation, but did nothing when the Legislature failed to act. Likewise, he did nothing with respect to Banks. He only became exercised about their status when they acted against his wishes.

It was urged at oral argument that the sequence of adoption of the general and specific statutes was important. But Busic held that a more specific statute would be given precedence over a more

general one "regardless of their temporal sequence." Busic, supra, at 406.

There is a public policy argument to be made for holding that § 103(a) prevails. WAPA is a public corporation, an autonomous instrumentality of the Government of the Virgin Islands with a perpetual existence. Its Governing Board, unlike the vast majority of other boards within the government, makes short and long range policy decisions which have a vital effect on the lives of the people of the Virgin Islands. Ostensibly, the board does not have to look to any other entity for approval in carrying out its functions.

If the Governing Board of WAPA was subject to the limitations of § 65a, a scenario can be envisioned whereby the board would be powerless to act for long periods of time. This may be bothersome and inconvenient when other boards of the territorial government face such a problem, but for WAPA and the public, it would be catastrophic. The WAPA board must have continuity, and it is § 103(a) which provides that continuity. The elected officials of the government recognized this when they enacted the special provisions as to WAPA board members. They cannot be permitted to turn their backs on their own enactments, and the valid reasons actuating that behavior, because two WAPA board members have joined in voting for a project which does not meet their approval.

What was sound and logical in 1964, 1978 and 1980, is as valid and vital today as then. For the reasons cited herein, a permanent injunction will issue in favor of Creque and Banks.

THIS MATTER is before the court on motion of the plaintiffs, Margaret Creque and Benjamin Banks, seeking injunctive relief. The plaintiffs moved to consolidate the trial on the merits with the hearing for the preliminary injunction. A hearing was conducted on August 23, 1985, at which time we granted the plaintiffs' motion to consolidate and also made findings of fact and conclusions of law. The premises considered, now therefore it is

ORDERED:

THAT, until the plaintiffs are replaced as WAPA Board members, pursuant to 30 V.I.C. § 103(a) as amended, the defendants are PERMANENTLY ENJOINED from interfering with the rights of the plaintiffs to participate fully in the actions of the Board and its committees, and further

THAT all actions taken by the WAPA Board from the time the plaintiffs were unlawfully prevented from participating on the Board, starting on August 8, 1985, up to the present date, be and the same are hereby declared WITHOUT LEGAL EFFECT.