Margaret L. CREQUE and
Benjamin Banks

v.

Honorable Juan LUIS, Governor Victor
Schneider, Actg. Atty. Gen. Stephanos
O'Reilly, Chairman Cecil George, Member
William Westerbann, John Harvey,
Member of V.I. Water & Power Authority
Board of Governors, Appellants.

No. 85–3551.

United States Court of Appeals,
Third Circuit.

Argued Sept. 16, 1986.

Decided Oct. 14, 1986.

As Amended Oct. 21, 1986.

Karl R. Percell (argued), Leroy A. Mercer, Atty. Gen., Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellants.

David A. Bornn (argued), Law Offices of Edith L. Bornn, St. Thomas, U.S. Virgin Islands, for appellees.

Before ADAMS, STAPLETON, and GARTH, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

This case arises out of a dispute between the territorial governor of the Virgin Islands, Juan Luis, and two members of the Virgin Islands Water and Power Authority (WAPA). District Judge O'Brien granted the request of Margaret Creque and Benjamin Banks for injunctive relief against interference with their WAPA board mem-

bership status by Governor Luis. *Creque v. Luis,* No. 1985/212 (D.V.I.1985), 616 F.Supp. 843. The governor now appeals that decision to this Court.

## I.

WAPA was created by statute in 1964, 30 V.I.C. § 103, and is an autonomous governmental instrumentality, charged with supplying power and water to the Virgin Islands. It is governed by a board composed of three cabinet-level and six nongovernmental members, nominated by the governor and confirmed by the legislature.

Both Creque and Banks were nominated to the board by Governor Luis in 1981, and were confirmed by the legislature. Creque's term was for one year, and Banks's for three. After Creque's term expired in 1982, the governor renominated her for a full three-year term, but the legislature never acted on the nomination. Creque nonetheless continued to sit on the board and participate in board decisions even after the expiration of her term in 1982; Banks also continued to sit after his term expired in 1984. The governor did not object to this practice until the dispute that gave rise to both this case and *General Engineering v. Virgin Islands Water and Power Authority,* Nos. 85–3668 and 85–3700 (3d Cir.1986), arose in 1985.

On May 23, 1985, the WAPA board adopted a proposal from the Caribbean Energy Company, a wholly owned subsidiary of the investment and financial firm of Donaldson, Lufkin & Jenrette; Carribean Energy was created specially to fulfill a contract to supply power to St. Croix residents. Both Creque and Banks supported the contract with Caribbean Energy.

Apparently, Governor Luis disapproved of this turn of events, favoring instead a plan proposed by South Shore Alumina, Inc., a Virgin Islands corporation whose principals are all prominent St. Croix citizens. Unable to persuade the WAPA board to void its contract with Caribbean Energy, Governor Luis sought to change the composition of the board, by replacing the governmental members and removing both Creque and Banks. On August 8, 1985, acting Attorney General Victor Schneider informed Creque and Banks that they were no longer valid board members, inasmuch as their terms had expired.

Creque and Banks filed suit in the district court of the Virgin Islands, seeking both preliminary and permanent injunctive relief barring any interference with their rights and obligations as members of the WAPA board. On August 28, 1985, Judge O'Brien granted the requested injunctive relief, issuing an order that declared:

> That, until the plaintiffs are replaced as WAPA Board members, pursuant to 30 V.I.C. § 103(a) as amended, the defendants are PERMANENTLY ENJOINED from interfering with the rights of the plaintiffs to participate fully in the actions of the Board and its committees, and further that all actions taken by the WAPA Board from the time the plaintiffs were unlawfully prevented from participating on the Board, starting on August 8, 1985 up to the present date, be and the same are hereby declared WITHOUT LEGAL EFFECT.

App. at 3–4.

In a memorandum opinion issued on September 3, 1985, Judge O'Brien held that Creque and Banks continued to be valid WAPA board members despite the expiration of their terms pending nomination and confirmation of their respective successors. The court relied on 30 V.I.C. § 103(a) (as amended, 1980) which provides that "each appointed member shall serve until the appointment and qualification of his successor."

## II.

This appeal requires us to decide which of two apparently inconsistent statutes governs the tenure of WAPA board members whose terms have expired, but whose replacements have not yet been confirmed by the Virgin Islands legislature. On questions of statutory construction, the standard of review is plenary. *Chrysler Credit Corp. v. First National Bank and*

*Trust Co.*, 746 F.2d 200, 202 (3d Cir.1984) (per curiam); *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981).

Contrary to the argument advanced by the governor, the district court held that § 103(a), part of the WAPA statute, controls the holdover of WAPA board members after the expiration of their terms, because it is specifically directed to the WAPA board, rather than a law of general applicability. Governor Luis, on the other hand, maintains that a statute dealing generally with the governance of the departments and agencies of the Virgin Islands government, 3 V.I.C. § 65a, adopted in 1974, excludes Creque and Banks from continued board membership. Section 65a provides:

(a) Notwithstanding any other provision of law, whenever a vacancy occurs in the membership of any board, commission or governing board of any authority within a department, office or other instrumentality of the Government of the Virgin Islands, by virtue of the expiration of term of a member, said vacancy shall be filled in the manner provided by law within sixty (60) days after the date of occurrence of the expiration of the term.

(b) If the vacancy is not filled within the sixty (60) day period required by subsection (a) of this section, and the result is that the number of current board members is insufficient to constitute a quorum of that board, commission or governing board, all official actions of said board, commission or governing board shall be null and void, and of no force and effect, from the expiration date of said sixty (60) day period until such time as a quorum of members is established by the filling of the vacancy or vacancies as provided by law.

The late Professor Arthur Sutherland of the Harvard Law School, whose treatise is still the classic on statutory construction, stated the rule of construction for analysis of the applicability of general and special legislation on the same subject:

General and special acts may be in pari materia. If so, they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling.

2A *Sutherland Statutory Construction* § 51.05 (4th ed. 1984).

Sections 103(a) and 65a are in pari materia—that is, they both address the same subject matter. *Black's Law Dictionary*, 711 (5th ed. 1979). The question then becomes whether the two provisions can be harmonized, or whether they are in conflict. Governor Luis claims that the district court incorrectly concluded that the two statutes cannot govern this situation. On the contrary, asserts the governor, § 65a and § 103(a) are mutually complementary:

Title 30 V.I.C. § 103 is in no way inconsistent with 3 V.I.C. § 65a. Both statutes may be read together and be reconciled. Title 30 V.I.C. § 103 states that a non-government member of the Board may serve until a successor is appointed and confirmed and T3 V.I.C. § 65a states that in no event shall such service extend over (60) days, because the government (the Executive and the Legislature) has sixty day[s] to appoint and confirm a successor.

Brief for Appellant at 14. To bolster this argument, the governor points to 30 V.I.C. § 122, enacted on February 14, 1980, which provides:

Nothing in this chapter shall be construed as exempting the Virgin Islands Water and Power Authority from any law made specifically applicable thereto or generally applicable to independent instrumentalities of the Government of the Virgin Islands, whether such law was enacted before, on, or after the date of enactment of this section.

Taken together, the governor argues, § 65a applies through § 122, and limits § 103(a). Therefore, he maintains, Creque and Banks are no longer valid members of the WAPA board. In response, Creque and Banks point to the fact that § 103(a) was amended on October 23, 1980, some seven months after § 122 was enacted, and the language directing board members to serve until replacements have been appointed by the governor and confirmed by the legislature was retained and even slightly revised and refined.

It thus seems clear that the legislature intended § 103(a) to govern, and that both §§ 103(a) and 65a purport to deal with the same subject matter. Further, the language of § 103(a), requiring that "each member shall serve until the appointment and confirmation of his successor," apparently cannot be squared with § 65a, which directs that no board member of any government instrumentality shall serve more than sixty days past the expiration of his or her term, whether or not a successor has been chosen. The governor's attempted harmonization of the two provisions is in effect an argument that resolution of the conflict between the two statutes should be in favor of § 65a.

▆ In consequence, the issue is whether, given the conflict between the two, § 103(a) or § 65a should control the holdover of WAPA board members. The general rule, once it has been determined that two statutory provisions cannot be reconciled, is that the more specific will take precedence over the more general. *See Busic v. United States*, 446 U.S. 398, 406, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381 (1980) ("a more specific statute will be given precedence over a more general one, regardless of their temporal sequence"); *Preiser v. Rodriguez*, 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1836–37, 36 L.Ed.2d 439 (1973) (same); *West v. Keve*, 721 F.2d 91, 96 (3d Cir.1983) (same). Applying this rule to the two statutes in question here, § 103(a) takes precedence over § 65a, since § 103(a) is directed specifically to the future of WAPA board members, and § 65a

is a statute of general application. Under this interpretation, § 103(a) would be considered an exception to the application of the general provisions of § 65a.

Both §§ 65a and 122 state that they apply to all governmental agencies and instrumentalities "notwithstanding any law to the contrary." Governor Luis argued— and the argument has some plausibility— that this language overrides any exception to the general provisions of a statute like § 65a that might otherwise exist. However, the legislature's subsequent amendment and refinement of § 103(a) makes clear that it was the intent of the legislature that § 103(a) would continue to apply to the WAPA board.

▆ It is possible, however, for one statute impliedly to repeal a prior, inconsistent statute. This doctrine of repeal by implication has been employed narrowly, and is generally disfavored as a means of statutory construction. *Porter v. United States Dep't of Justice*, 717 F.2d 787, 797 (3d Cir.1983). It is thus applied only where strictly necessary, and as an interpretative tool of last resort. It could be argued that § 122, which was enacted along with several other similar provisions applying to other governmental instrumentalities in response to a district court ruling in early 1980 excepting WAPA from general laws, impliedly repealed the holdover provision of § 103(a). Concededly, § 122 specifically states that WAPA is not exempted from laws of general applicability, despite any existing or future laws to the contrary. The legislature thus apparently intended that general laws such as § 65a should apply to WAPA.

This contention may be countered, however, by pointing to the fact that § 103(a) was amended later in 1980, and the legislature retained and slightly refined the language of the holdover provision. Although the amendment does state that it binds future legislative actions, no one legislature can prevent amendments to its laws in the future. And since a legislature is presumed to have all previous legislation before it when it enacts new legislation, Cre-

que and Banks argue that the legislature must have intended § 103(a) to be an exception to § 122. Accordingly, it would seem that § 103(a), even if it was impliedly repealed by § 122, was reinstated by amendment several months later. Further, although § 65a was amended in 1981 to add an additional section, the legislature did not amend the holdover provision of § 103(a), or alter the existing provisions of § 65a.

■ The district court invoked public policy considerations to highlight the importance of the continued effectiveness of the WAPA board to the functioning of the Virgin Islands. If WAPA were paralyzed by application of § 65a to prevent holdovers, Virgin Island residents and businesses could be left without power and water—a situation that would cause not only serious inconvenience and disruption, but also would create significant health hazards. As Professor Sutherland noted, public policy considerations such as these "exert a significant influence in the process of statutory interpretation by the courts." 2A *Statutory Construction* at § 56.01. *See generally Pillsbury v. United Engineering Co.*, 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225 (1952). These policy considerations further strengthen the conclusion that § 103(a) rather than § 65a governs this case.[1]

### III.

For the foregoing reasons, the judgment of the district court will be affirmed.

---

**1.** Inasmuch as our decision rests on principles of statutory construction, if the Virgin Islands Legislature desires to subject WAPA board members to a holdover limitation such as that found in § 65a, it can, of course, do so by legislative action.