**VIRGIN ISLANDS DAILY NEWS, Plaintiff**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, PUBLIC SERVICES**
**COMMISSION, and DESMOND MAYNARD, Chairman,**
**Defendants**

Civil No. 593/2002

Territorial Court for the Virgin Islands

Division of St. Croix

December 19, 2002

KERRY E. DRUE, ESQ./NANDI SEKOU, ESQ., Department of Justice, Attorney General's Office, St. Thomas, *Attorneys for Defendants*

MELVIN H. EVANS, JR., ESQ., Department of Justice, Attorney General's Office, Christiansted, St. Croix, *Attorney for Defendants*

LEE J. ROHN, ESQ., Law Offices of Lee Rohn, Christiansted, St. Croix, *Special Appearance on behalf of Defendants*

KEVIN A. RAMES, ESQ., Law Offices of Kevin A. Rames, P.C., Christiansted, St. Croix, *Attorney for Plaintiff*

PAUL J. RUSKIN, ESQ., Jersey City, New Jersey, *Attorney for Plaintiff*

DONOHUE, *Judge*

## MEMORANDUM OPINION

(December 19, 2002)

### I. INTRODUCTION

THIS MATTER is before this Court on a Notice of Special Appearance filed by Lee Rohn, Esq. and her Motion to Strike the Answers Filed on Behalf of the PSC and Desmond Maynard by the Attorney General of the Virgin Islands. It is the contention of Attorney Rohn that her firm has been retained by Desmond Maynard, Chairman of the Public Services Commission ("PSC"), to represent him and the PSC in their defense of the civil suit filed against them by the *Virgin Islands*

*Daily News*. Attorney Rohn contends that the timely answer filed by the office of the Attorney General on behalf of the Defendants should be stricken from the record. The office of the Attorney General has opposed Attorney Rohn's special appearance and motion, asserting, among other things, that only the Attorney General can represent the PSC in 'legal proceedings before a court. As such, the issue placed before this Court for determination is whether the PSC can secure private counsel to represent it in a court of law.

This Court finds that the Attorney General, pursuant to V.I. CODE ANN. tit. 3, § 114, is exclusively responsible for representing the PSC in any litigation and thus Attorney Rohn's motion must be denied and her special appearance be stricken from the record. Accordingly, Attorney Rohn's subsequently filed Motion for Stay of Discovery and Protective Order is denied as moot.

## II. PROCEDURAL BACKGROUND

The *Virgin Islands Daily News* filed a civil complaint against the Government of the Virgin Islands, the PSC and Chairman Desmond Maynard alleging that the Defendants violated section 253 *et seq.* of Title 1 of the Virgin Islands Code, also known as the "Government in the Sunshine Act." An answer was then filed by the Attorney General on behalf of the Defendants. Thereafter, a notice of special appearance was filed by Attorney Rohn claiming to have been retained by the PSC and Defendant Maynard and asking this Court to strike the answer filed by the Attorney General. In support of her position, Attorney Rohn asserts that at no time did the PSC or Defendant Maynard retain the Attorney General's office to represent them in this matter. Further, Attorney Rohn maintains the parties were never contacted by the office of the Attorney General prior to its filing an answer and that the answer was filed without having consulted with them. Moreover, Attorney Rohn argues that the parties did not wish to be represented by the Attorney General's office, that the Attorney General's office was informed that they in fact did not represent the parties and that the Attorney General's office was instructed to so notify the court. In response, the Attorney General asserts that section 114 of Title 3 requires that the Attorney General represent the PSC and Maynard in any litigation. Also, the Attorney General argues that Attorney Rohn's motion is defective in that it violates the Federal Rules of Civil Procedure because she failed to

conduct a reasonable inquiry into the substantive aspects of her motion and the Local Rules of Civil Procedure for failure to cite any legal authority.

## III. ANALYSIS

### A. Must the Attorney General represent PSC?

Section 114 of Title 3 of the Virgin Islands Code provides, in relevant part:

(a) The Attorney General shall have the following powers and duties:

(1) except in cases where the United States attorney is representing the Government of the United States Virgin Islands at the request of the Governor, *to appear for and represent the executive branch of the government of the United States Virgin Islands before the courts in all civil proceedings* in which the said Government, or any executive department, board, *commission*, agency, instrumentality or *officer* thereof is interested.

...

(6) to appear for and represent the executive branch of the Government of the United States Virgin Islands, and all departments, boards, *commissions*, agencies, instrumentalities or *officers* thereof, before all administrative tribunals or bodies of any nature, in all legal or quasi-legal matters, hearings or proceedings ...

(7) to furnish legal advice to the Governor and all executive departments, boards, *commissions*, agencies, instrumentalities and *officers* of the Government of the United States Virgin Islands, *concerning any matter arising in connection with the exercise of their official powers and duties*, and to supervise and direct the legal business of every executive department, board, *commission*, agency, instrumentality and *officer* of the said Government.

3 V.I.C. § 114(a) (emphasis added). It is the duty of the courts to determine the legislature's intent when interpreting a statute. *See Negonsott v. Samuels*, 507 U.S. 99, 104, 122 L. Ed. 2d 457, 113 S. Ct. 1119 (1993). In so doing, the court must begin with the plain meaning of the statute. *See Mansell v. Mansell*, 490 U.S. 581, 588, 104 L. Ed. 2d

142

675, 109 S. Ct. 2023 (1989). Where the plain language of the statute can be unambiguously determined, further inquiry is not necessary. *See Idahoan Fresh v. Advantage Produce, Inc.,* 157 F.3d 197, 202 (3d Cir. 1998).

■ This Court finds that the statute is clear in that it is exclusively the duty of the office of the Attorney General to appear for and represent the executive branch of the Government of the Virgin Islands where any of its departments, boards, commissions, agencies, instrumentalities or officers are concerned. The statute also requires that the Attorney General represent these parties before any administrative tribunals or any other bodies, with respect to all legal or quasi-legal matters, hearings or proceedings. Further, it is the sole duty of the Attorney General to provide legal advice and supervise and direct the legal business of these parties.

■ The Court must now determine whether the PSC falls within the executive branch of the Government of the Virgin Islands and as a result is subject to section 114. The PSC, previously existing within the Department of Public Works,[1] continues as an appendage of the executive branch of the Government of the Virgin Islands pursuant to section 273 of Title 3 of the Virgin Islands Code under the Department of Licensing and Consumer Affairs ("DLCA") for budgetary purposes.[2] The Plaintiff in this matter has filed a civil complaint claiming that the PSC has violated the Government in the Sunshine Act, triggering the requirements of section 114. Hence, this Court finds that the PSC, through the DLCA and the Governor's power to appoint and remove commission members, is clearly subject to the requirements of section 114 and must be represented by the Attorney General. The legislature has statutorily mandated that no other party can be substituted, willingly or

---

[1] PSC was originally created pursuant to section 137 of Title 3 of the Virgin Islands Code. This section was repealed by Act of June 24, 1987, No. 5265, § 707(b), Sess. L. 1987, p. 80.

[2] Section 270 of Title 3 of the Virgin Islands Code establishes the Department of Licensing and Consumer Affairs as an executive department of the Government of the Virgin Islands. Section 273(b) of Title 3 of the Virgin Islands Code provides that of the nine members of the PSC, seven shall be appointed by the Governor. Further, section 273(c) grants the Governor the power to remove any members of PSC for cause. The Court finds this to be conclusive evidence of the existence of PSC under the executive branch of the Government of the Virgin Islands.

143

unwillingly, for the Attorney General and given the clarity with which the statute is written, this Court can find no basis to look any further or to construe the statute in any other way. 3 V.I.C. § 114 (stating that the Attorney General *shall* have the following *powers and duties*) (emphasis added). Accordingly, as to the PSC, Attorney Rohn's motion must fail pursuant to the requirements of the statute. Counsel for Plaintiff and Defendant (by and through the Attorney General) have stipulated that Defendant Maynard is being sued solely in his official capacity as Chairman of the PSC. Pl.'s and Def.'s Stipulation at 1. Consequently, it is the Court's view that he too is bound by the requirements of section 114 and must be represented by the Attorney General in this matter.

## B. Do the Rules of Civil Procedure Require an Attorney to Present Relevant Legal Authority?

Although the Court has already determined that section 114 of Title 3 of the Virgin Islands Code requires that the Attorney General represent Defendants PSC and Maynard in this matter, the Court will now review the sufficiency of Attorney Rohn's motion.[3] As previously stated, the Attorney General has also challenged the sufficiency of Attorney Rohn's motion for failure to cite authority.

Rule 11(b)(2) of the Federal Rules of Civil Procedure provides that:

> By presenting to the court (whether by signing, filing submitting, or later advocating) a pleading, *written motion*, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> ...
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

FED. R. CIV. P. 11(b)(2) (emphasis added). This rule serves to streamline the litigation process by lessening frivolous claims or defenses, *see Ryan*

---

[3] The Attorney General's representation of Defendant Government of the Virgin Islands was never disputed. in the United States Virgin Islands be borne by the utility investigated.

144

*v. City of Watertown*, 1998 U.S. Dist. LEXIS 15967, [WL at *10] (N.D.N.Y. 1998), and attorneys have an affirmative duty to comply with the rule. *See id.*; *Roberts v. Shawnee Mission Ford, Inc.*, 2002 U.S. Dist. LEXIS 988, [WL at *2] (D. Kan. 2001) . By signing documents submitted to the court, the signing party certifies that they have conducted a reasonable inquiry to ensure that their filings comply with the spirit of the rule. *See Minden v. Monte Sereno*, 1996 U.S. Dist. LEXIS 21970, [WL at *3] (N.D. Cal. 1996). Complementing Rule 11, Local Rule of Civil Procedure 11.2 states:

> By signing a pleading, an attorney certifies to the court that:
>
> (a) the applicable law in this jurisdiction has been cited, including authority for and against the position being advocated by counsel;
>
> (b) all applicable law in this jurisdiction has been presented before law from another jurisdiction is cited. Counsel shall attach to the pleading a copy of any foreign law relied upon therein unless that authority is available in the court's library.

L.R. CIV. P. 11.2. Therefore it is a prerequisite of any motion or filing with the court that some legal authority that supports the proposition of a particular party be cited or that some nonfrivolous argument be made for the extension, modification or reversal of existing law or the establishment of new law. This serves to ensure that the filings made by a party are in good faith, have a solid legal foundation and are not wasteful of the time or resources of the court or other concerned parties. This requirement is fundamental to the motion practice of the law and without it, procedural confusion and chaos would rule. It cannot be overlooked.

██ The Court recognizes that even a cursory glance of the pertinent law would produce section 114 of Title 3 of the Virgin Islands Code with respect to the issues *sub judice*. This statute is at the heart of the issue. However, nowhere in Attorney Rohn's Motion to Strike the Answers Filed on Behalf of the PSC and Desmond Maynard is there any legal authority cited. *See* Pl.'s Mot. to Strike at 1. Attorney Rohn has neither attempted to argue for the extension or modification of existing law, nor has she brought section 114 to the attention of the court in an attempt to advocate for the reversal of existing law, nor has there been an argument made for the establishment of new law. She argues merely that

145

Defendant Maynard has retained her to represent both himself and the PSC and that, in and of itself, determines whether it shall be her firm or the Attorney General that should be the counsel of record. This is a violation of both the Federal and Local Rules of Civil Procedure and as a result renders her motion as fatally deficient. The Court finds that this factor alone is enough to deny her motion and strike her special appearance on behalf of Defendants PSC and Maynard without reaching the arguments raised by the Attorney General in its opposition. Nevertheless, the Court will address the relevant arguments and legal authority proferred in her reply thereto.

## C. May PSC Retain Private Counsel Under Section 18 of Title 30?

■ The crux of Attorney Rohn's reply to the Attorney General's opposition is based on section 18 of Title 30 of the Virgin Islands Code.[4] This section grants the PSC the power to appoint an agent to investigate any public utility. 30 V.I.C. § 18. Among other things, such agent shall have the power to administer oaths and take depositions bearing upon any investigation or hearing the PSC may conduct. *Id.* The recommendations of any such agent shall be only advisory in nature. *Id.* To interpret this section, Attorney Rohn has relied upon the district court decision *Abramson v. Georgetown Consulting Group*, 765 F. Supp. 255 (D.C.V.I. 1991). In that case, the district court was saddled with the issue "whether the Virgin Islands Public Services Commission ("PSC") has authority, independent of the Commissioner of Property and Procurement, to procure services of agents to assist PSC in its

---

[4] Attorney Rohn also attacks the Attorney General's answer based upon Rule 11 of the Federal Rules of Civil Procedure, arguing that it was not signed by the attorneys representing Defendants PSC and Maynard in this dispute. As this Court has already concluded that the Attorney General is the exclusive counsel for PSC and any officer of PSC acting in his official capacity, this argument need not be addressed further. The same applies to the affidavit submitted by Defendant Maynard asserting that he has retained the office of Lee Rohn to represent himself and PSC in this matter. Pl.'s Aff. at 1. Lastly, Attorney Rohn's reply attacks the applicability of an attorney general's written opinion (8 V.I. A.G. Opin. 53) and a district court decision (*Virgin Islands Hous. & Redevelopment Auth. v. 19.1078 Acres of Land*, 3 V.I. 309, 161 F. Supp. 475 (D.C.V.I. 1958) submitted by the Attorney General to support its position. However, as this Court has not relied upon those authorities in this Opinion, it is not necessary to review their applicability here.

investigations of public utilities operating within the territory of the United States Virgin Islands." 765 F. Supp. at 256. Plaintiff argued that the services provided by Georgetown and its subagents are those that must be procured through competitive bids or competitive negotiation and that they must be reduced to a written contract, all pursuant to sections 236 and 239 of Title 31. The PSC countered that the complaint should be dismissed, asserting amongst some of its arguments that the grant of authority by the legislature to the PSC through section 18 of Title 30 frees the PSC from the competitive requirements of sections 236 and 239. Further, the PSC argued that those sections do not apply to the PSC because the funds expended to pay the PSC's agents are ultimately assessed to the agencies investigated.[5]

The Court finds this case to be distinguishable from the issue presented here. The statute before the district court dealt solely with the powers conferred upon the PSC to appoint agents to assist in its investigations of public utilities. This is critical to the function of the PSC and the legislature granted it broad discretion to fulfill its charge in this regard. The district court framed it best:

> [I]n order to effectively carry out its statutory mandate of regulating public utilities operating within the territory of the United States Virgin Islands, the PSC must be given complete discretion to appoint the agents it deems best qualified *to provide assistance in the complicated and technical areas in which the PSC investigates.*

*Abramson,* 765 F. Supp. at 263 (emphasis added). This Court is not dealing with the PSC's ability or latitude in fulfilling its statutory mandate. Rather, this Court is specifically considering the application of the statutory mandate of the Attorney General to represent a governmental commission and officer of the executive branch of the Government of the Virgin Islands. There is no intersection or overlap of these two issues; they are separate and distinct. Finally, the PSC's argument in *Abramson* that its hiring of agents does not affect territorial monies, supporting the PSC's right to hire outside agents, works against Attorney Rohn here. There is no statutory provision for private counsel

---

[5] Section 25 of Title 30 requires the expenses of any litigation or proceeding by PSC of any public utility operating in the United States Virgin Islands be borne by the utility investigated.

147

to be retained by the PSC yet compensated by a third party. This power of assessment is granted to the PSC strictly in regard to its duty to conduct investigations of public utilities and no further. Therefore, given the fact that the taxpayers of this community are funding the defense of the PSC and its officers, these expenses cannot be assessed elsewhere. The PSC and Chairman Maynard must be restricted to the confines of section 114. As such, the Court does not view *Abramson* as being binding upon it with respect to the issue in the instant case.

## IV. CONCLUSION

This Court finds that section 114 of Title 3 of the Virgin Islands Code requires that the Attorney General represent the PSC and its officers acting in their official capacity before the courts in all civil proceedings. Further, the Court finds that neither the PSC nor any officer of the PSC can discharge the office of the Attorney General and retain private counsel to represent them in such litigation. Finally, the Court finds that section 18 of Title 30 of the Virgin Islands Code does not apply to the office of the Attorney General's exclusive representation of the PSC and its officers in civil court proceedings.