**VIRGIN ISLANDS DAILY NEWS, Plaintiff**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, PUBLIC**
**SERVICE COMMISSION and VALENCIO JACKSON,**
**Chairman, Defendants**

Civil No. 722/2002

Superior Court of the Virgin Islands

Division of St. Croix

December 19, 2005

PAUL J. RUSKINS, ESQ., Law Offices of Paul J. Ruskin, Jersey City, N.J.; KEVIN A. RAMES, ESQ., Law Offices of Kevin A. Rames, P.C., Christiansted, St. Croix, United States Virgin Islands, *Attorneys for Plaintiff.*

KERRY E. DRUE, ESQ., CAROL THOMAS-JACOBS, ESQ., and MELVIN H. EVANS, JR., ESQ., Department of Justice, Office of Attorney General, Christiansted, St. Croix, United States Virgin Islands, *Attorneys for Defendants.*

ROSS, *Judge*

## JUDGMENT

(December 19, 2005)

THIS MATTER came before the Court for a bench trial on March 15, 2004, at which time Plaintiff appeared personally and with counsel and Defendants were aptly represented by counsel. At the conclusion of the trial, the Court denied Defendants' Motion for Partial Summary Judgment and took this matter under further advisement. By leave of the Court, the parties made several post-trial submissions. In consideration of the arguments of counsel and the record of evidence herein, the Court finds the following.

## I. PROCEDURAL HISTORY

On or about November 14, 2002, Plaintiff Virgin Islands Daily News ("Plaintiff") filed its Complaint, alleging that Defendants Public Service Commission ("PSC") and PSC Chairman Desmond Maynard[1] ("Defendants") violated the Open Meetings Act[2] and committed other statutory violations when the PSC closed portions of its November 6, 2002 meeting to the public without satisfying the statutory prerequisites to do so. Defendants timely filed their Answer, essentially denying Plaintiff's claims. Thereafter, all parties herein stipulated to the waiver of a trial by jury. On March 15, 2004, the Court called this matter for a bench trial. At the conclusion of the bench trial, the Court took this matter under further advisement and granted the parties leave to submit any post-trial briefs.

On or about April 14, 2004, Plaintiff filed its Motion to Amend Complaint to Conform to the Evidence pursuant to FED. R. CIV. P. 15(b). Plaintiff's First Amended Complaint includes additional incidents wherein the PSC allegedly violated the Open Meetings Act and committed other statutory violations, namely incidents occurring on or about September 30, 2002. Defendants objected to Plaintiff's First Amended Complaint as untimely and prejudicial to Defendants.

---

[1] On or about December 11, 2003, Plaintiff requested and was granted leave to change the caption of its Complaint to substitute Chairman Desmond Maynard with then PSC Chairman Valencio Jackson.

[2] The Open Meetings Act, also known as the Sunshine Act, is codified at Title 1, Section 251 of the Virgin Islands Code.

## II. FACTUAL BACKGROUND

On September 18, 2002, the PSC published an agenda for a "special meeting" of the PSC to be held on September 30, 2002. Said agenda was issued to Plaintiff and other persons and entities included on the PSC's distribution list. The agenda provided for an "Executive Session," but did not include any details regarding the Executive Session. The meeting of September 30, 2002 took place as scheduled and Plaintiff attended said meeting. Towards the end of the meeting, the PSC went into Executive Session and closed the meeting to the public, restricting access to all persons not employed by the PSC including Plaintiff. The PSC did not make any verbatim record or transcript of the Executive Session held during the September 30, 2002 meeting.

On October 30, 2002, the PSC published an amended agenda for a "special meeting" of the PSC to be held on November 6, 2002. The amended agenda stated that "if needed" the PSC would go into Executive Session. The meeting of November 6, 2002 took place over a two-day period, ending on November 7, 2002. At the close of the meeting's first day, the PSC voted to go into Executive Session for the purpose of receiving legal advice. The PSC inadvertently made a verbatim record of portions of the Executive Session held on November 6, 2002.

## III. DISCUSSION

Foremost, the Court must decide whether in its discretion it will grant Plaintiff's Motion to Amend Complaint to Conform to the Evidence pursuant to FED. R. CIV. P. 15(b) and deem Plaintiff's First Amended Complaint as filed. The purpose of Rule 15(b) is to bring the pleadings in line with the actual issues upon which the case was tried, if the opposing party is not unduly prejudiced. A review of the trial record reveals that Defendants adequately cross-examined witnesses as to relevant averments included in Plaintiff's First Amended Complaint, to wit allegations that the PSC violated the Open Meetings Act and other statutory law by closing portions of its September 30, 2002 and November 6, 2002 meetings without satisfying statutory prerequisites. Defendants were, therefore, fully apprised that the allegations contained in Plaintiff's First Amended Complaint were being litigated during the bench trial in this matter and Defendants defended against such allegations. Based thereupon, the Court finds that Defendants will not be

unduly prejudiced by Plaintiff's proposed amendment. Accordingly, the Court hereby grants Plaintiff's Motion to Amend Complaint to Conform to the Evidence and deems Plaintiff's First Amended Complaint as filed.

■ As to the statutory claims at issue here, Plaintiff contends that the PSC violated § 254(d) of the Open Meetings Act by failing to publish an up-to-date schedule specifying the PSC's reasons for closing to the public portions of its September 30, 2002 and November 6, 2002 meetings. The purpose of the Open Meetings Act is to give the public "the fullest practicable information regarding the decision making processes of this government." *See* 1 V.I.C. § 252. To this end, § 245(d) unequivocally directs the Government and its agencies[3] to

> ... maintain an up-to-date schedule of the meetings which are to be held by it or any subdivision thereof, which schedule shall indicate whether the meeting, or portion thereof, will be open or closed to the public and if closed the reason therefor.

■ The record of evidence herein reveals that the PSC entered into Executive Session during both PSC meetings of September 30, 2002 and November 6, 2002, at which time the PSC closed the meetings to the public.[4] Yet, the PSC did not maintain a schedule indicating that the Executive Session portion of its meetings would be closed and the reason therefor as required by § 254(d) of the Open Meetings Act.[5] Based thereupon, the Court finds that the PSC indeed violated § 254(d), and the PSC's omission of its reason(s) for going into closed Executive Session deprived the public of information that the public is statutorily entitled to know.

■ Plaintiff maintains that the PSC further violated the Open Meetings Act by going into closed Executive Session without the requisite vote to do so. The Open Meetings Act essentially requires all governmental agency meetings to be open to the public. *See* 1 V.I.C.

---

[3]   Section 253 of Title 1 of the Virgin Islands Code clearly identifies the PSC as an agency of the Government.

[4]   *See* Transcript of September 30, 2002 Meeting of the PSC admitted into evidence as Trial Exhibit 18 and Transcript of November 6, 2002 Meeting of the PSC admitted into evidence as Trial Exhibit 19.

[5]   *See* PSC Agenda dated September 18, 2002 and admitted into evidence as Trial Exhibit 13 and PSC Amended Agenda dated October 30, 2002 and admitted into evidence as Trial Exhibit 15.

§ 254(a). However, § 254(b) of the Act provides for exceptions to the general rule where the agency properly determines that the meeting or a portion thereof can reasonably be expected to disclose certain confidences. According to § 254(c)(1), proper determination for exemption to the general rule requires that a majority of the entire membership of the agency vote to close its meeting to the public. The record here demonstrates that the PSC did take and record the required vote to proceed into Executive Sessions for both the meetings of September 30, 2002 and November 6, 2002.[6] Accordingly, the Court finds that Plaintiff's allegations in this instance are without merit.

Additionally, Plaintiff argues that the PSC committed other statutory violations by failing to provide a verbatim record of the September 30, 2002 meeting and a full verbatim record of the November 6, 2002 meeting. Local law provides that every citizen shall have the right to examine all public records and to copy such records, including all records and documents of or belonging to this Territory or any branch of government in this Territory or any department, board, council or committee of any branch of government in this Territory. *See* 3 V.I.C. § 881. In furtherance of this right to examine public records, 3 V.I.C. § 884(a) maintains that:

> Notwithstanding any other provision of the law to the contrary, all boards and commissions created pursuant to this Code shall make a verbatim record of each of its proceedings and said records of proceedings are to be reduced to a transcript not later than sixty (60) days after the proceedings have occurred.

Defendants contend that the closed Executive Sessions at issue here regard confidential information that is not subject to the mandates of 3 V.I.C. § 884(a). Defendants are mistaken. The law here clearly declares that regardless of any law to the contrary, government entities created by this Code "shall make a verbatim record of each of its proceedings." *See* 3 V.I.C. § 884(a). The possibility that such records may be kept confidential pursuant to 3 V.I.C. § 881(g)[7] has no bearing on the unambiguous requirement to make the record and reduce it to transcript.

---

[6] *See* Trial Exhibit 18 at pp. 224-225 and Trial Exhibit 19 at pp. 99-100.

[7] Section 881(g) of Title 3 of the Virgin Islands Code provides an enumerated listing of certain public records that shall be kept confidential unless otherwise ordered by a

■ In this case, the PSC undisputedly made no such record of its September 30, 2002 meeting and the record of its November 6, 2002 meeting was incomplete and therefore not in full compliance with 3 V.I.C. § 884(a). Considering such, it follows *a fortiori* that the PSC violated 3 V.I.C. § 884(a) when it entered into closed Executive Session during its meetings of September 30, 2002 and November 6, 2002 without making full verbatim recordings of such sessions and timely reducing those recordings to transcript.

Beyond Plaintiff's statutory claims, Plaintiff requests that the Court address the PSC's alleged procedural defects in hiring private counsel to represent the PSC in the matter of *V.I. Daily News v. Gov't of the Virgin Islands, et al.*, 45 V.I. 139 (Terr. 2002) (hereinafter "Civil No. 593/2002"). The court in Civil No. 593/2002 addressed the scope of the PSC's authority to retain private counsel and held that in regards to civil court proceedings, local statutory law mandates that the PSC must be represented by the Attorney General's Office.[8] Accordingly, the court in Civil No. 593/2002 invalidated the PSC's purported hiring of private counsel for civil litigation. Because the PSC's hiring of private counsel for civil litigation was invalidated, the procedures effectuating the hiring are of no moment and therefore merit no further consideration by the Court.

## IV. CONCLUSION

The premises considered and the Court being otherwise fully advised, it is hereby

ORDERED, ADJUDGED and DECREED that Defendants violated 1 V.I.C. § 254(d) when they failed to maintain up-to-date schedules of the September 30, 2002 and November 6, 2002 PSC meetings indicating PSC's reasons for entering closed Executive Session during said meetings; it is further

ORDERED, ADJUDGED and DECREED that Defendants shall cease any policy or practice of conducting any meeting of the PSC without maintaining an up-to-date schedule of the meeting that indicates whether

---

court, by the lawful custodian of the records or by another person duly authorized to release the information.

[8]    *See* Order admitted into evidence as Trial Exhibit 1.

the meeting or a portion thereof will be closed and if closed the reason therefor, as required by 1 V.I.C. § 254(d); it is further

ORDERED, ADJUDGED and DECREED that Defendants violated 3 V.I.C. § 884(a) by failing to make a verbatim record and transcript of the closed Executive Sessions held during the PSC's September 30, 2002 and November 6, 2002 meetings; and, it is further

ORDERED, ADJUGED and DECREED that Defendants shall cease any policy or practice of conducting any PSC meeting, including any Executive Session, without making a verbatim record of the proceedings and reducing the record to transcript not later than sixty (60) days after the meeting, as required by 3 V.I.C. § 884(a).